```
          IN THE UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEBRASKA

SCOTT DIERING,                )
                              )
          Plaintiff,          )         7:06CV5010
                              )
     v.                       )
                              )
REGIONAL WEST MEDICAL         )         MEMORANDUM AND ORDER
CENTER,                       )
                              )
          Defendant.          )
_____)
```

This matter is before the Court on defendant's motion to dismiss plaintiff's first and sixth causes of action (Filing No. 10). The Court finds said motion should be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### I.   MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). The issue in resolving a motion to dismiss is whether the plaintiffs are entitled to offer evidence in support of their claim, not whether they will ultimately prevail. *United States v. Aceto Chems. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989). In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306

(8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).  "A complaint should not be dismissed for failure to state a claim unless it is clear that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)(citing *Jenkins*, 395 U.S. at 421-22).  Thus, a dismissal under Rule 12(b)(6) is likely to be granted "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief."  *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979); *see also Frey*, 44 F.3d at 671.  The Court considers the defendant's motion in light of the foregoing standards.

## II.  FACTS

Plaintiff, Scott Diering ("Diering") is a resident of Frederick, Maryland, who was formerly employed by defendant Regional West Medical Center ("Regional West") at its facility in Scottsbluff, Nebraska, as an emergency room physician.  Amended Complaint ("AC"), ¶¶ 1, 4.  While employed by Regional West, Diering underwent a voluntary drug/alcohol treatment program which he successfully completed in October, 2001.  AC, ¶ 6.  Diering's treatment is the type contemplated by Neb. Rev. Stat.

-2-

§ 71-172.01(2)(a) which authorizes providing a licensee assistance program to credential holders such as Diering.  AC, ¶ 8.  Diering never authorized Regional West or its agents to disclose his treatment to anyone.  AC, ¶ 9.

On or about March, 2006, Dr. Peter Mayer, Regional West's emergency room director disclosed to a potential employer that Diering had undergone drug/alcohol treatment.  AC, ¶ 10.  Subsequently, Diering did not get the job with the potential employer that he was seeking, a job that would have provided a salary, benefits and partnership package in excess of $300,000 per year.  AC, ¶ 12.

Diering filed the present action in the District Court of Scotts Bluff County, Nebraska.  Regional West removed the action to this Court based upon diversity of citizenship (Filing No. 1) on June 6, 2006.  Diering filed an amended complaint on July 12, 2006 (Filing No. 9), and Regional West filed its motion to dismiss Diering's first and sixth causes of action (Filing No. 10) on July 26, 2006.

### III.  DISCUSSION

A.   State Law Claim

Diering's first claim for relief asserts a personal cause of action under § 71-172.01(2)(a), alleging that Regional West violated his right of confidentiality when his participation

in a chemical dependency treatment program was disclosed to a potential employer. Section § 71-172.01 states:

> (1) The Department of Health and Human Services Regulation and Licensure may contract with the Department of Health and Human Services to provide a Licensee Assistance Program to credential holders regulated by the Department of Health and Human Services Regulation and Licensure. The program shall be limited to providing education, referral assistance, and monitoring of compliance with treatment of habitual intoxication or dependence and shall be limited to voluntary participation by credential holders.
>
> (2) (a) Participation in the program shall be confidential, except that if any evaluation by the program determines that the intoxication or dependence may be of a nature which constitutes a danger to the public health and safety by the person's continued practice or if the person fails to comply with any term or condition of a treatment plan, the program shall report the same to the Director of Regulation and Licensure.
>
>    (b) Participation in the program shall not preclude the investigation of alleged statutory violations which could result in disciplinary action against the person's credential or criminal action against the person. Any report from any person or from the program to the Department of Health and Human Services Regulation and Licensure indicating that a

>credential holder is suffering from habitual intoxication or dependence shall be treated as a complaint against such credential and shall subject such credential holder to discipline under sections 71-150 to 71-155.
>
>(3) No person who makes a report of intoxication or dependence to the program or from the program to the department shall be liable in damages to any person for slander, libel, defamation of character, breach of any privileged communication, or other criminal or civil action of any nature, whether direct or derivative, for making such report or providing information to the program or department in accordance with this section.
>
>(4) Any person who contacts the department for information on or assistance in obtaining referral or treatment of himself or herself or any other person credentialed by the department for habitual intoxication or dependence shall be referred to the program.  Such inquiries shall not be used by the department as the basis for investigation for disciplinary action, except that such limitation shall not apply to complaints or any other reports or inquiries made to the department concerning persons who may be suffering from habitual intoxication or dependence or when a complaint has been filed or an investigation or disciplinary or other administrative proceeding is in process.

Neb. Rev. Stat. § 71-172.01.

The Nebraska Supreme Court quoted the Supreme Court of Minnesota, stating "principles of judicial restraint preclude us from creating a new statutory cause of action that does not exist at common law where the legislature has not either by the statute's express terms or by implication provided for civil tort liability." *Claypool v. Hibberd*, 261 Neb. 818, 827, 626 N.W.2d 539, 546 (2001)(*quoting Bruegger v. Faribault County Sher. Dept.*, 497 N.W.2d 260, 262 (Minn. 1993)).  Here, the portion of the statute that refers to confidentiality expressly notes that if a participant fails to comply with treatment "the program shall report the same to the Director of Regulation and Licensure." Neb. Rev. Stat. § 71-172.01(2)(a).  The statute suggests that confidentiality refers to the program keeping a participant's participation from the Director of Regulation and Licensure rather than a blanket confidentiality barring any person from disclosing a person's participation in the program.

Further, the floor debate suggests that the intent of the legislation was to "provide Nebraska licensed health professionals with a mechanism whereby they could seek voluntary treatment for chemical impairment without having to report such treatment to the state licensing agency to be used as a basis for disciplinary action." *Statement of Intent for LB 456*, 92nd Nebraska Legislature - First Session (1991)(Senator Don Wesely). Thus, neither the statutory language or the floor debate supports

-6-

Diering's assertion that this legislation was intended to provide a private cause of action.

Under *Claypool*, "where the legislature has not either by the statute's express terms or by implication provided for civil tort liability" judicial restraint precludes the creation of a private cause of action. *Claypool*, 261 Neb. at 827, 626 N.W.2d at 546. Thus, under the principles of judicial restraint, the Court declines to find that § 71-172.01(2)(a) provides for a private right of action. Therefore, the Court will dismiss Diering's first cause of action under Rule 12(b)(6).

B.   HIPAA Claims

In Diering's sixth claim for relief, he asserts that defendant violated his privacy rights under HIPAA. Every court that has considered the issue has held that HIPAA does not create a private cause of action for violations of the Act. *Bradford v. Blake,* 2006 WL 744307, at *3 (E.D. Mo. 2006)(*citing Johnson v. Quander*, 370 F.Supp.2d 79, 99-100 (D.D.C. 2005); *Poli v. Mountain Valleys Health Ctrs., Inc.*, No. 2:05-2015-GEB-KJM, 2006 WL83378 at *2 (E.D. Cal. Jan. 11, 2006); *Bradford v. Semar*, No. 4:04-CV-1711 CDP, 2005 WL 1806344 (E.D.Mo. July 28, 2005). Further, in his brief in resistance to the motion to dismiss, Diering acknowledges that HIPAA does not provide a private right of action. Thus, Diering's claim against Regional West for violations of HIPAA does not state a claim upon which relief can

be granted. Therefore, Diering's sixth cause of action will be dismissed under Rule 12(b)(6). Accordingly,

IT IS ORDERED that defendant Regional West Medical Center's motion to dismiss plaintiff Scott Diering's first and sixth causes of action is granted. Plaintiff's first and sixth causes of action are dismissed.

DATED this 15th day of September, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court